NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE UFCW LOCAL 152 HEALTH AND WELFARE FUND, for and on behalf of themselves and said Fund, and the Board of Trustees,<br><br>Plaintiff,<br><br>v.<br><br>21ST CENTURY PRO MANAGEMENT GROUP,<br><br>Defendant. | Civil No. 17-06516 (RBK/JS)<br><br>**OPINION** |

**Kugler,** United States District Judge:

This suit arises from 21st Century Pro Management Group's ("Defendant") alleged failure to remit contributions as required under a Collective Bargaining Agreement ("CBA") between Defendant and Trustees of the UFCW Local 152 Health and Welfare Fund ("Plaintiff" or "Fund"). Plaintiff brings this suit against Defendant to reduce to judgment the alleged delinquent contributions. Presently before the Court is Plaintiff's motion for entry of default judgment against Defendant (Doc. No. 6). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This case arises from unpaid CBA contributions. Plaintiff is an employee benefit plan, labor-management trust fund, and multiemployer plan.[2] (Compl. at 2); *see* Employee Retirement Income Security Act of 1974 ("ERISA"), Sections 3(3), (37); 29 U.S.C. §§ 1002(3), (37). The Fund maintains its principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054. Defendant is an employer as defined by Sections 3(5) and 3(14) of ERISA. 29 U.S.C. § 1002(5), (14). Defendant maintains its principal place of business at 1900 Frontage Road, Suite 1707, Cherry Hill, New Jersey 08034.

Plaintiff and Defendant are parties to a CBA that requires Defendant to make certain contributions on behalf of its employees. (Compl. at 3). Defendant allegedly failed to make those contributions from at least December 2016 through the present. (*Id.* at 4). Plaintiff demanded payment "on several occasions" with no relief. (*Id.*). Plaintiff thus brought this action pursuant to Sections 502(g)(2) and 505 of ERISA and requests this Court award payment of all unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, court costs, and any other fees or relief which this Court deems appropriate. (*Id.*); 29 U.S.C. §§ 1132(g)(3), 1145. Defendant has, however, failed to respond or defend itself in this suit.[3] As such, in October 2017 Plaintiff requested that the Clerk of this Court enter default against Defendant. (Doc. No. 5). The Clerk did so. Plaintiff now moves for default judgment. (Doc. No. 6).

---

[1] This Court will accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

[2] The Fund is authorized to commence legal action and sue in its own name. 29 U.S.C. § 1132(d)(1). Plaintiff brings this action on behalf of its trustees, committee members, participants, and beneficiaries. 29 U.S.C. § 1132.

[3] Summons was properly executed. (Doc. No. 4).

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

## III. DISCUSSION AND ANALYSIS

### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, this Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e)(1) and (f), 28 U.S.C. § 1331, 29 U.S.C. § 1145, and 29 U.S.C. § 185. This Court thus has subject-matter jurisdiction over the instant action—there is federal question jurisdiction.

We must also determine whether there is personal jurisdiction over Defendant. There is—venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this district.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with a summons in September 2017 and made no attempt to answer or defend the action before the Clerk appropriately issued the entry of default under Rule 55(a) on October 13, 2017.

*iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, it appears to the Court that Defendant is a corporation—not an infant, incompetent person, or person in military service exempted from default judgment. Rule 55(b)(2) is satisfied.

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as

4

true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).

Plaintiff's complaint is sufficient. Plaintiff maintains that Defendant is party to this CBA, and the CBA requires that Defendant remit contributions to the Fund for the benefit of Defendant's employees. (Compl. at 4; Ex. A). Defendant did not make these payments. (Compl. at 4). Plaintiff informed Defendant that Defendant owed these outstanding contributions. (*Id.*). Defendant did not respond, did not pay, and has not defended itself in this action. (*Id.* at 3-4).

Accordingly, the Court finds that the allegations set forth in the complaint are sufficient to state a claim against Defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

*v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, Defendant has not articulated a cognizable meritorious defense. Defendant has instead failed to respond or defend itself. Second, because Defendant has failed to appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no other means of vindicating its claim. *See Directv v. Asher*, 2006 WL 680533, at *2. Third, Defendant's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on its part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). The *Emcasco* factors therefore weigh in favor of entering default judgment.

*vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, default judgment is appropriate.

**B. Damages**

Plaintiff alleges a balance of $9,798.53.[4] (Pl. Mot. at 3). Under ERISA, specifically 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to reasonable attorneys' costs and fees as well. Plaintiff requests $987.50 in attorney's fees in this case—$200.00 per hour for David T. Szawlewicz, Esquire, and $75.00 per hour for Jeanne Fitzgerald, paralegal. (*Id.* at 4; Ex. E). The Court finds that this fee request is reasonable.

In total, Plaintiff is entitled to a judgment of $10,786.03.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment against Defendant is **GRANTED** in the sum of $10,786.03. An appropriate order shall issue.

---

[4] $5,424.32 in Contributions, $524.53 in Interest, and $3,849.68 in Liquidated Damages. (Pl. Mot. at 3).

Dated:  03/23/2018                                             s/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge